OF THE

## STATE OF MISSOURI

AT THE

APRIL TERM, 1909.

*(Continued from Volume 220)*

## JAMES G. GRACEY v. CITY of ST. LOUIS, Appellant.

### Division One, May 31, 1909.

1. **SECOND APPEAL: Questions Settled.** On a second appeal or writ of error on the same facts and pleadings, the appellate court will not consider questions determined on the first appeal.

2. **REMANDED WITH DIRECTIONS: Mandatory.** Where on the first appeal, the Supreme Court reversed and remanded the cause in pursuance to a stipulation that if another cause submitted at the same time were reversed and remanded for new trial this was to be also, but added the statement that were it not for that stipulation "we would reverse and remand with directions to enter up judgment for plaintiff," the trial judge, on a resubmission of the cause to him, without a jury, on the same pleadings and on the same evidence, was bound to enter up judgment for plaintiff.

3. **BOILER INSPECTOR: Assistant: Removal.** A deputy appointed by the Inspector of Boilers and Elevators is, under the charter of St. Louis, an officer, with a fixed term of four years, at a salary of $1200, and cannot be removed without cause, and if summarily discharged can recover the salary for the balance of the term. And being an officer, he cannot be considered a mere assistant officer or an assistant to an officer.

Appeal from St. Louis City Circuit Court—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*Charles W. Bates* and *Benjamin H. Charles* for appellant.

Plaintiff was an assistant officer, removable, either first, by the officer under whom he worked, at his pleasure, or secondly, by the mayor, for cause, *i. e.,* after notice, charges, specifications and a formal trial. St. Louis Charter, art. 4, sec. 14 (2 R. S. 1899, p. 2492). The language used is sweeping and unequivocal: ''The assistants of any officers . . . . may be removed for cause by the mayor, or by the officer under whom they work at his pleasure.'' And this provision has all the force and effect of a legislative enactment. St. Louis v. Fisher, 167 Mo. 660.

*James R. Van Slyke* for respondent.

(1) The parties, pleading and evidence in this appeal being the same as in Gracey v. St. Louis, 213 Mo. 384, all questions of law which were raised or could have been raised on the former appeal, are now determined by that decision and the opinion is *res adjudicata* as to all questions presented by the appellant at this time. Kansas City Exposition Dr. Park v. Kansas City, 174 Mo. 425; State to use v. O'Neil Lumber Company, 170 Mo. 7; Winters v. Knights of Pythias, 101 Mo. App. 550; Hamilton v. McLean, 169 Mo. 51; Chapman v. Railroad, 146 Mo. 481; Baker v. Railroad, 147 Mo. 149; Van Stewart v. Miles, 105 Mo. App. 242.  (2) Plaintiff's position being for a definite term and at an annual salary, he was under the charter and ordinance a city officer, and as such could be dismissed or removed only for a cause. Gracey v. St. Louis, 213 Mo. 384.  (3) Plaintiff, by rea-

son of the term salary and duties, was a city officer. Gracey v. St. Louis, 213 Mo. 384; City ex rel. v. Maroney, 191 Mo. 531. (4) Plaintiff being a city officer and not being removed for cause, he is entitled to his salary for the unexpired term. Gracey v. St. Louis, 213 Mo. 384; City ex rel. v. Walbridge, 153 Mo. 197.

LAMM, P. J.—This is a second appeal. Here before on plaintiff's appeal (213 Mo. 384), the judgment was reversed and the cause remanded with directions "to set aside the nonsuit and proceed with the cause in accordance with this opinion." When here first it was heard with three companion cases. Stipulations were filed in them to the effect that (as to them) this court should reverse and remand with directions to enter up judgment for plaintiff, or reverse and remand for a new trial, or affirm—as might be done in the principal case. As indicating the scope and tenor of what was ruled in the principal case, in commenting upon the foregoing stipulations, we said (p. 401): "If such stipulations had been filed in the case at bar, we would reverse and remand with directions to enter judgment for plaintiff—this because the trial court erred in not setting aside the nonsuit and erred in giving the peremptory instruction; and *on this record* we think plaintiff would have been entitled to a peremptory instruction himself."

When the case went below it was submitted on the same pleadings and the same facts under the following agreement: "The parties, in open court, consent to the waiving of a jury and that the case may be heard by the court; that the parties have no further evidence to offer, and it is agreed by and between the parties hereto that the case may be submitted on the evidence contained in the bill of exceptions in the former appeal of this case filed on January 8, 1906, and such declarations of law as the parties may see fit to offer."

Under that submission, the evidence preserved in the original bill of exceptions was read into the record. Thereupon a mandatory instruction was asked and given on behalf of plaintiff, and one asked and refused on behalf of defendant. In the latter, the court was asked to say that under the pleadings and the evidence the plaintiff was "an assistant officer," and was removable by the chief inspector of boilers and elevators at pleasure. Defendant excepted to the ruling on both instructions and by due intermediate steps brings the case again here.

It was held on the first appeal that under the ordinances of the city of St. Louis, the plaintiff had a fixed "tenure of office" (to-wit, a term of four years), at a fixed annual salary of $1,200; that he was bonded as a "city officer" and performed his official duties under an "oath of office;" that his public position was denominated and dignified as "an office" by the ordinances and his duties were designated and earmarked as "official duties;" and that he was removed without cause four months before his term expired. It was held, further, that whether the question of his being an officer was referred solely to the charter and ordinances or to the definitions of the general law, the result would be the same, *viz.*, that he was an officer and could only be removed during his prescribed term for cause and on due process of law.

While in the former case we did not discuss the distinction between an officer and a mere assistant officer or an assistant to an officer, yet the point now made by defendant city was made by the same learned counsel in that and was necessarily involved in the determination reached. The charter provision now relied on was there relied on and was held in judgment. In this connection it is not without significance that no motion for rehearing was filed in the former case. The absence of that motion shows that counsel apparently deemed the point decided and acquiesced in the ruling.

The case at bar is easily distinguished from Magner v. St. Louis, 179 Mo. 495, and the decisions of the St. Louis Court of Appeals therein cited. That we felt no call in the former opinion to swell its volume by pointing out distinctions appearing plainly in those cases and determinative of them and which are quite lacking in the case at bar, amounts to nothing. This because the contention there raised by defendant city, that those cases were determinative of this litigation, was bound up in the former judgment and ruled against defendant. The holding on the former appeal that plaintiff was an *officer*, under applicable ordinance and charter provisions, is preclusive of the idea, that he was a mere *assistant*, removable at pleasure as now argued.

Under such circumstances, when the case went down with directions to the trial court to proceed in accordance with the opinion and with the suggestion that on the record before us plaintiff was entitled to a peremptory instruction, the trial judge was bound by those directions. He, on the one hand, would have been derelict in duty and subject to criticism if he had not followed directions, and, on the other hand, ought not to be convicted of error in the same case on the same facts and on the same pleadings, for obeying the upper court. The rule in that regard is soundly bedded in principle and precedent. On a second appeal or writ of error on the same facts and pleadings the appellate court will not notice questions determined in the previous decision. All such are *res judicata* and closed. For the practical administration of justice, the former decision is the law of the case. [Chambers' Adm. v. Smith's Admr., 30 Mo. 156; Overall, Admr. v. Ellis, 38 Mo. 209; Baker v. Railroad, 147 Mo. 140 *et seq.;* May v. Crawford, 150 Mo. 1. c. 524; Chapman v. Railroad, 146 Mo. 1. c. 494; Hayward v. Smith, 187 Mo. 1. c. 476; Viertel v. Viertel, 212 Mo. 1. c. 574.]

There must be an end to a lawsuit. He sues in vain who can have no final judgment and there would be no end and no final judgment if appeal after appeal were to be allowed in the same case on like facts and pleadings. [See remarks of Mr. Justice GRIER, *arguendo,* in Roberts v. Cooper, 20 How. l. c. 481.]

Like all general rules, the one in hand has its exceptions. Where manifest and far-reaching error has been committed, no castiron or immutable rule bars a re-examination of a question illy decided. In such case it goes without saying that this court, as a debt due to justice and as one of the foundation stones of its own dignity, reserves to itself the right to reconsider, reexamine and redetermine. [Padgett v. Smith, 206 Mo. l. c. 311, *et seq.; Ibid.,* 205 Mo. l. c. 125; Hamilton v. Marks, 63 Mo. l. c. 172; Wilson v. Beckwith, 140 Mo. l. c. 369.]

Counsel indulge in fears of evil results bound to flow from the doctrine of the original case. But these fears, it may well be, are somewhat due to the versatility and lively imagination of counsel. They find no substantial place in the experience of mankind and do not bring the case within any exception to the rule we have just discussed. Very great, good, just and wise men, seeking the public weal, have been over that ground long ago and have held views tending to assure good and not evil results.

Those departments of government, Federal, State or municipal, run by officers having a fixed tenure and subject to removal for cause are quite as well managed, from the standpoint of the *well-being of the community,* as other departments subject to a hunger sprung from the sharp and whimsical vicissitudes of political fluctuations, or controlled by the unregulated disposal of place and patronage by chiefs of departments. If defendant city desires to strike down the right of officers of the class under consideration to hold a fixed tenure and to make an official term depend

on the mere personal and arbitrary say so of the head of the department, it can readjust its ordinances and, if necessary, its charter to subserve that end. Let the judgment be affirmed. It is so ordered. All concur.