UNITED STATES WATER COMPANY, Appellant,
    v. SUNNY SLOPE REALTY COMPANY et al.,
    Respondents.

Kansas City Court of Appeals, January 2, 1911.

1. MECHANICS' LIENS: Delivery of Material: Statutory Limitation. A sub-contractor for material has four months from the time the material is put into the building within which to file his mechanic's lien account. The limited time named in the statute does not begin to run at the date of delivery to the purchasing contractor.

2. ———: ———: ———. For lien purposes the indebtedness made by the purchase of material by a sub-contractor from a materialman, becomes the indebtedness of the building, and it does not accrue until put into the building.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

REVERSED AND REMANDED *(with directions).*

*Meservey & German* for appellant.

*Omar E. Robinson* and *H. H. McCluer* for respondents.

ELLISON, J.—This action was instituted to establish and enforce a mechanic's lien. There was a verdict for plaintiff; but defendants afterwards asked a new trial and it was granted. Plaintiff thereupon appealed from that order.

Plaintiff furnished material to a contractor who was building certain buildings for the owner. He furnished the material with the understanding that it was to go into the buildings and on their credit, and the material did afterwards enter into the construction of the buildings. Within four months after it was so placed in the buildings plaintiff filed its account for a lien with the clerk of the circuit court; but this was more than four months after the material had been purchased and delivered to the purchasing contractor. The case involves a construction of section 8217, Revised Statutes 1909, which reads that: "It shall be the duty of every original contractor within six months, and every journeyman and day laborer within sixty days, and every other person seeking to obtain the benefit of the provisions of this article within four months, after the indebtedness shall have accrued, to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply,

with the name of the owner or contractor, or both, if
known to the person filing the lien, which shall, in all
cases, be verified by the oath of himself or some credi-
ble person for him.''

The particular point in controversy is whether the
lien account of a sub-contractor shall be filed with the
clerk within four months after the material is sold
and delivered to such contractor, or within four months
after it is used in the building. It will be observed the
statute reads that the lien account of the indebtedness
must be filed within four months after it accrues.
The question for decision is, does that mean after it
accrues against the contractor, or the building? We
have concluded that it means the building.

While the material is sold to the contractor, and
while it becomes an indebtedness which accrues against
him from the time the sale is completed, yet the very
foundation of the lien is that the sale is for the build-
ing and is made on its credit. So far as the lien is
concerned, the materialman does not furnish to the sub-
contractor; he furnishes to the building and he extends
credit to the building. The prices charged in his lien
account against the building are not the prices at which
he sold to the contractor if they are more than reason-
able prices. The prices agreed upon with the con-
tractor are merely prima facie evidence of reasonable
prices, but they by no means govern in an action
against the building. [Deardorff v. Everhartt, 74 Mo.
37.] Nor is the material bought by the contractor
and charged in the account and for which he is bound,
necessarily material which can be charged in the ac-
count against the building; for, it is well established
that before it can be so charged, it must have been
used in the building. [State v. Gregory, 170 Mo. 598,
604; Schulenberg v. Home Inst., 65 Mo. 295.] There-
fore, the indebtedness against the sub-contractor and
the indebtedness against the building, while arising on
one account, are two distinct things, and it would ap-

pear to be clear that when the statute directs the account to be filed within four months after the indebtedness accrues, it means the indebtedness which accrues against the building, as distinguished from that which accrues against the sub-contractor.

We believe this view is supported by the Supreme Court in an opinion by Judge VALLIANT in Fire Extinguisher Co. v. Farmers El. Co., 165 Mo. 171, 180, where it is said that the expression of the statute, "after the indebtedness shall have accrued," means "after the work is finished, and does not refer to the date at which the debt is due," from the contractor.

If we should accept defendant's construction of the statute, it would be in the power of the contractor, or owner, to cut a materialman out of his lien by merely withholding it from the building until more than four months after he had sold it for the building and on its credit.

But we are cited to Mfg. Co. v. Burns, 59 Mo. App. 391, which is said to be against the foregoing views. We think the case has no application. We there stated that an indebtedness accrued when it came into existence as a completed obligation between the debtor and creditor; and that the questions, when does a debt accrue? and when does it become due were two distinct questions. We have said nothing different in this opinion. We are deciding in this case, not so much the time when a debt accrues, as we are against what person or thing does it accrue. Besides, that case did not involve a sub-contractor as does the one now before us. That case was between the original contractor and the owner. If a materialman furnished material to the owner for a building and on the credit of the building, the owner would be estopped to deny that the material had gone into the building; nor could he ask that the market price of material be substituted for the price he agreed to pay. These and other reasons make a practical difference in the opera-

tion of the statute upon the case of an original contractor and a sub-contractor. In the one the owner's property is charged with a lien by his own act, while in the other it is sought to charge it by the act of a third person against the will of the owner.

In Schwab & Co. v. Frieze, 107 Mo. App. 553, the question decided in this case was neither considered nor passed on. The only question counsel upon either side discussed was whether the account accrued at the original purchase, or at the time when a piece of the material (to supply a breakage in transit) was subsequently supplied without charge. So the case of Lumber Co. v. Building Co., 134 Mo. App. 316, is without application here. No question in this case arose or was discussed in that.

The result of the foregoing is that we must reverse the judgment and remand the cause, with directions to reinstate the verdict and render judgment thereon. All concur.