## BAGNELL TIMBER COMPANY, Appellant, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY.

### Division One, March 29, 1912.

1. **FORMER DECISION: Sufficiency of Evidence.** On the former appeal in this case it was held that there was sufficient evidence to make out a prima facie case in favor of plaintiff against the present defendant. The judgment against the defendant was then reversed only because there was no evidence that plaintiff had a contract with the partnership which furnished the ties to defendant, and that there was a departure, since the petition declared upon a joint contract made with the partnership and the present defendant, and the evidence showed no such joint contract.

2. ————: ————: **Same Holding on Same Evidence.** As the court on the former appeal in effect held that the evidence tended to show that defendant entered into a contract with plaintiff for the purchase of the ties, and as plaintiff introduced at the second trial the same evidence introduced at the first, it is again *held* that plaintiff made out a prima facie case against the defendant at the second trial.

3. ————: **Contract: Joint and Several: Liability of any Obligee.** All contracts which at common law were joint only are now, under the statutes (Secs. 2769, 1981 and 2772, R. S. 1909), joint and several; and any one of the obligees thereto may be sued, and a recovery had against those only who the evidence shows are liable thereunder. The decision of the court on the former appeal in this case (180 Mo. 420), holding that the contract pleaded was a joint contract made and entered into by plaintiff as the one party and by the defendant and a partnership as the other party, and reversing a judgment for plaintiff because the evidence did not support the allegations of the petition of a joint contract, in that it failed to show that the partnership jointly with defendant entered into a joint contract with plaintiff, but showed only a several contract between plaintiff and defendant, and therefore there was a departure, is overruled.

4. ————: **In Same Case: When Overruled.** In the absence of cogent or convincing reasons shown, the Supreme Court will not open up and reconsider questions adjudicated upon a former appeal in the same case. But where such reasons are clearly shown, and especially where the former ruling inadvertently overlooked and nullified a statute, or overruled some sound and well settled principle of law, the court will reexamine the questions and overrule the former decision.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. H. Bothwell* and *Charles E. Yeater* for appellant.

(1) Notwithstanding this action was brought on a contract alleged to have been made by plaintiff with defendant railway company and the firm of Graham & Miller, and the evidence fails to prove that both said defendants were parties to the contract, the plaintiff may recover against the railway company, if the evidence shows that it alone was a party to such contract. Sec. 1981, R. S. 1909; Campbell v. Hood, 6 Mo. 216; Finney v. Allen, 7 Mo. 419; Brown v. Pearson, 8 Mo. 161; Crews v. Lackland, 67 Mo. 621; Dissenting opinion of VALLIANT, J., herein, 180 Mo. 468; Sec. 2772, R. S. 1909; 1 Territorial Laws, 1816, p. 430; R. S. 1825, p. 215, sec. 4; Moore v. Otis, 18 Mo. 118; Gates v. Watson, 54 Mo. 590; State ex rel. v. Tate, 109 Mo. 270; Glen v. Hunt, 120 Mo. 340; Logan v. Billings, 107 Pac. 415; Sawin v. Kenny, 93 U. S. 289; Witters v. Sowles, 34 Fed. 119; Murray v. Elright, 56 Ind. 362. (2) A former decision of this court will be overruled and reversed, if cogent and convincing reasons are shown, particularly, as in this case, where former rulings of this court were inadvertently overlooked and overruled, and where express remedial statutes were inadvertently nullified. Bank v. Donnell, 195 Mo. 570; Machinery Co. v. Ramlose, 231 Mo. 527; Gracy v. St. Louis, 221 Mo. 6; Padgett v. Smith, 205 Mo. 125; Wilson v. Beckwith, 140 Mo. 382; Rutledge v. Railroad, 123 Mo. 131; Bird v. Sellers, 122 Mo. 32; Boone v. Shackelford, 66 Mo. 497; Hamilton v. Marks, 63 Mo. 172; Chambers v. Smith, 30 Mo. 158; Bealy v. Smith, 158 Mo. 522. (3) The court in its former decision ruled that "there is not one word of evidence in this

case, that in the remotest or slightest degree tends to show that the plaintiff had any contract whatever with Graham & Miller, of any kind, either joint or several.'' The railway company is standing here on this former decision, and the plaintiff since that finding of fact by this court acquiesces in it. It necessarily and logically follows, that the sale was made to the railway company, which received the ties direct from the plaintiff, and the acts of the parties in carrying out the sale contract, shown by the testimony of Bagnell, Stevens and Miller, establishes the fact that the plaintiff and the railway company were the only parties to the transaction, which is of such a nature that the actual conduct of the parties furnishes a complete construction and definition of the contract. The second judgment based on the same pleadings and evidence as in the former trial, should therefore be reversed, and the former opinion should be overruled, and the first judgment should be affirmed, as ought to have been done in the first instance, as being for the right party on the undisputed evidence. Wilson v. Beckwith, 140 Mo. 389; State ex rel. v. Vaile, 122 Mo. 33.

*Lee Hagerman, George B. Jackson* and *Montgomery & Montgomery* for respondent.

(1) This cause was heard and decided by this court, 180 Mo. 420. The evidence was carefully and fully considered, a lengthy narrative and analysis of the evidence made, covering thirty-two pages of the report and nine pages of this devoted to the testimony of the main witness for the appellant. No oversight or mistake of any matter material to the decision of the case was made by the court in its statement or decision. The cause was reversed and remanded for a new trial and the appellant submitted the case to the lower court upon the old bill of exceptions, upon which the cause was first presented to this court, so that

there was not the least change in the evidence. This court, in its decision of the case, held that there was no evidence of any contract with the defendant railway company to support a verdict. No cogent or convincing reasons are shown why the court should open up the case and review its former conclusions. Under these circumstances the court should treat its judgment upon the facts as *res adjudicata* and closed. Gracey v. St. Louis, 221 Mo. 1; May v. Crawford, 150 Mo. 524; Viertel v. Viertel, 212 Mo. 573; Shoe Co. v. Ramlose, 231 Mo. 527; Baker v. Railroad, 147 Mo. 152. Under the findings of fact by the lower court, in following the mandate of this court, that there was no evidence against the defendants to support a verdict against it, the error of the court, in its instruction, if there be any, becomes wholly immaterial. (2) It is only necessary to read the opinion of this court and the opinion of VALLIANT, J., to satisfy the court, that on the former hearing it did decide that there was a total failure of proof as to any contract with the defendant railway company. (3) The case was properly decided upon the facts when here the first time. Bagnell, who was the only witness who testified about the contract, does not make out any case; he so directly contradicts himself as to wholly destroy his testimony. All his dealings with the subject-matter after the alleged contract was made to show clearly, that up to the time he filed his corrected lien paper, he regarded Graham & Miller as sole contractors with plaintiff, and not the defendant railway company. They but confirm the judgment of the court that there was no evidence of any contract with defendant railway company.

WOODSON, J.—In the year 1900, the plaintiff instituted this suit against the defendant railway company, and L. G. Graham and J. T. Miller, partners, to recover the sum of $5421.50, a balance due it, under a contract alleged to have been made and entered into

by and between them, whereby the former agreed to and did sell and deliver to the latter 50,000 railroad ties, for the price of forty-three cents per tie for first class, and thirty-three cents per tie for culls.

The answer of the railroad company was very lengthy, consisting of a number of specific pleas, most of which are immaterial in so far as this appeal is concerned. One of them denied that the company either jointly or severally entered into the contract with the plaintiff mentioned in the petition; but alleged the fact to be, that Graham & Miller were independent tie contractors, and that they as such purchased the ties mentioned from the plaintiff, and sold and delivered them to the defendant company, for which it paid them the full purchase price. The answer also contained a plea of _res adjudicata_.

No service was had on Graham & Miller, and the cause as to them was dismissed.

A trial was had, which resulted in a judgment in favor of the plaintiff for the amount sued for. After moving unsuccessfully for a new trial, the defendant duly appealed the cause to this court.

In due time the cause was submitted to this court, and in an opinion written by MARSHALL, J., the judgment of the circuit court was reversed for the reason stated in the opinion, that "there is not one word of evidence in this case that in the remotest or slightest degree tends to show that the plaintiff had any contract whatever with Graham & Miller of any kind, either jointly or severally." Proceeding, the court in substance held that as to the defendant railway company, a recovery could not be maintained for the reason that the petition declared upon a joint contract made and entered into by and between the plaintiff, the one party, and the railroad company and Graham & Miller, the other party, while the evidence failed to show that Graham & Miller ever entered into a contract with plaintiff, either jointly or severally, to fur-

nish the ties mentioned, which the court held was a total departure, and not simply a variance between the allegations of the petition and the proof.    The cause was remanded to the circuit court for another trial.

The foregoing is a brief statement of the case when first presented to this court, but a full statement of it may be found in Bagnell Timber Co. v. Railroad, 180 Mo. 420.

When the cause was remanded to the circuit court, a jury was waived and the parties stipulated as to certain facts not here material, but it was expressly agreed that said stipulations should not be construed as an admission concerning the nature of the contract or as to who were the parties to the contract under which the ties were furnished to the railroad company.

By agreement, the plaintiff introduced a transcript of the evidence introduced by it, at the former trial, and rested.

The defendant company then introduced its evidence and rested; and thereupon the plaintiff introduced certain evidence in rebuttal.

The plaintiff requested the court to give to the jury three instructions, numbered one, two and three. The court gave the third, which is irrelevant to the questions here presented, and for that reason will receive no further notice.    The court refused number one as asked, but modified same and gave it in said modified form, and refused number two.    To all of which action of the court the plaintiff duly excepted.

Instructions numbered one and two as asked, read as follows:

"1.    The court sitting as a jury declares the law to be that if it appears from the evidence that on or about April 20, 1899, the plaintiff made an agreement with defendant railway company and' the firm of Graham & Miller [or with the railway company alone]

to furnish and deliver to them or to said railway company at St. Louis, Sedalia and Wagoner at and for the price of forty-three cents per tie for first class and thirty-three cents per tie for cull ties, and did so furnish and deliver 49,320 first class and five cull ties, and that defendants or said railway company have failed and refused to pay the full price for said ties, then the finding should be for the plaintiff against the defendant railway company for the sum of $5406.65, together with six per cent interest thereon from October 26, 1899.

"2. The court declares that it is admitted by the parties to this cause that plaintiff delivered to the defendant railway company the number of railroad ties stated in the petition, and it is admitted that the unpaid balance due to the plaintiff for such ties, on October 26, 1899, was the sum of $5406.65; and the court sitting as a jury declares the law to be that if it appears from all the facts and circumstances in evidence before the court that the said railroad ties were delivered under a contract of sale made by plaintiff with the said railway company and Graham & Miller, or with the said railway company alone, and that the said unpaid balance is yet due to the plaintiff, then the finding should be for the plaintiff and its damages should be assessed at an amount equal to said sum of $5406.65, with interest thereon at the annual rate of six per cent from said October 26, 1899."

The modification of instruction number one, before mentioned, consisted in striking therefrom the words, "or with the railway company alone," which are embraced within the brackets.

The court, as previously stated, found for the defendant, and the plaintiff appealed.

I. There are three questions presented by this record for determination: first, does the evidence

make a prima facie case against defendant; second, what is the character of the contract under which the ties were furnished; and third, is this court, by the former judgment rendered herein, precluded from a reconsideration of the questions there determined?

We will dispose of these questions in the order stated.

Attending the first: It stands confessed by all the parties to the record that the contract to purchase the ties for the use of the railway company was made and entered into by and between the plaintiff, either jointly with the company and Graham & Miller, or with the railway company alone. So it is seen that the question is not, was there such a contract in fact made and entered into, but the question is, with whom was it made?

At the first trial, the circuit court held that it was made with the railway company, and rendered judgment accordingly against it, for the balance due thereunder. Upon appeal, this court, in unequivocal language, held that the contract was not made with Graham & Miller, and reversed the judgment and remanded the cause to the circuit court for another trial, not because there was evidence which tended to show that the contract was not made with it, but for the express reason that there was a clear departure between the allegations of the petition, which declared upon a joint contract, and the evidence introduced, which showed a contract in severalty, and we thereby, by necessary implication, held that the contract, the existence of which was conceded, was made by the company alone. While it is true, VALLIANT, J., in a dissenting opinion in that case, expressly stated that there was evidence which tended to prove that the contract was made with the railway company, yet we are not justified by that statement alone, to infer that the other members of the court entertained an opposite view of the evidence, when their ruling was based

upon an entirely different proposition. If it was the intention of this court to reverse the judgment against the company, not only for the reason stated, that there was a departure between the allegations of the petition and the evidence introduced, but also for the reason that there was no evidence which tended to show that the railway company entered into the contract, that would have been equivalent to holding that no contract for the sale of the ties had ever been entered into by anyone whomsoever, for the simple reason, that if not made with Graham & Miller and the railway company jointly, nor by Graham & Miller alone, as this court expressly held on the former appeal, and if, as now contended, we also by implication held that there was no evidence which tended to show that the railway company entered into the contract, then clearly no such contract was *ever* entered into by anyone. This, however, is contradicted by every physical fact in the case, and the admissions of the parties that a contract was made for the purchase of the ties, that the ties were delivered in pursuance to its terms and partially paid for by the defendant.

We are, therefore, clearly of the opinion, that this court upon the former appeal held that there was sufficient evidence introduced at the former trial to make out a prima facie case in favor of the plaintiff against the railway company.

But independent of that ruling we have again critically examined the voluminous record in this case, and are satisfied that it contains ample evidence in favor of the plaintiff to carry the case to the jury,

II. We will now consider the second proposition presented for our determination, namely, what is the character of the contract sued on, as stated in the petition?

This court on the former appeal clearly held that the contract as plead, was a joint contract made and

entered into by and between the plaintiff, the one party, and the railway company and Graham & Miller, the other party, and then reversed the judgment because the evidence did not support the allegations of the petition, in that it failed to show that Graham & Miller entered into the contract jointly with said company.

Conceding that at common law, the contract as stated in the petition was a joint one, as was held on the former appeal, yet under the express provisions of section 2769, Revised Statutes 1909, which was enacted long prior to the date of this contract, all contracts which, by the common law, are joint only, are declared to be joint and several; and by sections 1981 and 2772, Revised Statutes 1909, it is provided that in all cases upon joint obligations and joint assumptions of copartners or others, suits may be brought against any one or more of them, and that in all such actions the plaintiff shall not be nonsuited by reason of his failure to prove that all the defendants are parties to the contract, but may have judgment against such of them as he shall prove to be parties thereto.

Under the provisions of those sections of the statute, and the numerous decisions of this court construing them, for all practical purposes, all contracts which at common law were joint only are now joint and several, and any one or more of the obligees thereto may be sued, and a recovery had against those only who the evidence shows are liable thereon.

The decisions so holding are too numerous to be here cited, but many of them are cited in the footnotes to the sections of the statutes before mentioned.

In the light of these statutes and the decisions construing them, with the dissenting opinion of VALLIANT, J., calling the court's attention thereto, it is inconceivable to me what induced the court to hold on the former appeal that because the petition declared upon a joint contract a recovery could not be had

against those defendants who the evidence showed were liable thereon.

The doctrine announced in that case is clearly erroneous, both upon principle, and authority; and in that particular it is hereby overruled.

III. The third and last question presented is, are we precluded by the former rulings of this court from reconsidering the same question now presented?

In the absence of cogent or convincing reasons shown, this court on a second appeal will not open up and reconsider questions adjudicated upon a former appeal. [Gracey v. St. Louis, 221 Mo. 1; May v. Crawford, 150 Mo. 524; Viertel v. Viertel, 212 Mo. 572; United Shoe Co. v. Ramlose, 237 Mo. 527; Baker v. Railroad, 147 Mo. l. c. 152.]

But where such reasons are clearly shown, and especially where the former ruling inadvertently overlooked and nullified a statute, or overruled some sound and well settled principle of law, such as was done by this court on the former appeal in this case, we should have no hesitancy whatever in overruling the former decision, and re-examining on the second appeal. [Citizen's Nat. Bank v. Donnell, 195 Mo. l. c. 570; United Shoe Mach. Co. v. Ramlose, supra; Gracey v. St. Louis, supra; Padgett v. Smith, 205 Mo. 125; Wilson v. Beckwith, 140 Mo. l. c. 382; Rutledge v. Railroad, 123 Mo. 131; Bird v. Sellers, 122 Mo. 32; Boone v. Shackleford, 66 Mo. l. c. 497; Hamilton v. Marks, 63 Mo. l. c. 172; Chambers v. Smith, 30 Mo. 158; Bealey v. Smith, 158 Mo. l. c. 522-3.]

Counsel for the respondent insist that even though we should overrule the former decision in this case, as being erroneous, nevertheless, they with much earnestness contend that this judgment should be affirmed for the reason that the record contains no evidence which tends to prove that the defendant company ever entered into the contract with the appellant

to purchase the ties, either jointly with Graham & Miller or severally by itself.

This contention is untenable, as we have shown in paragraph one of this opinion. We there pointed out that on the first appeal the record contained ample evidence to make out a prima facie case in favor of the appellant and against the respondent, and that this court so held at that time. That being true, and since the appellant introduced the same evidence at the second trial that was introduced at the first, we must of course, again hold that appellant made out a case for the jury at the second trial.

While it is true the respondent introduced evidence to the contrary, nevertheless, that presented a question of fact, which should have been submitted to the court or jury under proper instructions, which was not done.

The court should have given instructions numbered one and two as requested, by the appellant; and its failure to so do shows that the court tried the case in compliance with the rulings of this court, announced on the former appeal, which was error, nevertheless. The circuit court, however, is to be complimented for obeying the mandate of this court, though erroneous as it was. It thereby imposed the duty upon this court to correct its own errors, and did not undertake to do that for us, as it might have been too big a task, even though it had the authority to do so, which clearly it has not under the Constitution and laws of this State.

The judgment is reversed and the cause remanded for a new trial in conformity to the views herein expressed. All concur.