STATE ex rel. MOUNT, Curator, etc., Respondent, v.
JAMES H. F. SMITH et al., Appellants.

St. Louis Court of Appeals.    Argued and Submitted January
7, 1913.    Opinion Filed February 4, 1913.

1. APPELLATE PRACTICE: Former Decision: Law of Case.
The decision rendered in a case by an appellate court is the law
of the case on a subsequent appeal.

2. ————: Effect of Assuming Position in Litigation: Estoppel.
Where, throughout long-pending litigation, a party sought to
sustain himself as curator, a subsequent claim by him, in an
action on his bond, that he was only chargeable, if at all, as an
administrator, came too late.

3. GUARDIAN AND WARD: Action on Curator's Bond: Form of
Judgment.    A judgment, in an action on a curator's bond, that
the bond be declared forfeited and that judgment be rendered
against the principal and the sureties, naming them, in the
amount of the penalty of the bond, and that a special execution
issue in favor of plaintiff and against defendant for the amount
of damages awarded by the verdict and for costs, substantially
complies with the statute.

Appeal from Scotland Circuit Court.—*Hon. Chas.
D. Stewart,* Judge.

AFFIRMED.

*O. D. Jones* and *E. R. Bartlette* for appellant.

*Smoot & Smoot* for respondents.

REYNOLDS, P. J.—The contention out of which
this case grows has been before the Supreme Court
a number of times, one branch of it before us. This
is the second appeal of this case to our court. On
the former appeal we reversed and remanded it for
error of the trial court in not confining the testimony
as to the costs and expenses incurred and for which
the curator and his sureties were said to be liable

on bond as curator, to such expenses as were incurred in holding the curator liable as such only as related to his resistance to the claim of the minor to an interest in certain real estate; that is, in not excluding the testimony as to costs and expenses incurred in so much of the action as related to the partition of the real estate, we holding him liable to account to his ward only for money put into the real estate which had come into the curator's hand as of the money of his ward. We also reversed the judgment and remanded the cause because of the absence of evidence showing the reasonable value of services rendered.

We have examined the abstract of the record in this case and considered it in connection with the brief and argument of the learned counsel for appellants and have concluded that there is no reversible error now presented. For the main facts in the case it is sufficient to refer to the statement made by Judge Goode when the case was here on the former appeal, as reported State ex rel. Mount v. Smith, 139 Mo. App. 101, 120 S. W. 614.

At the present trial the evidence was confined to the services and their value so far as concerned the effort to establish the claim of the minor to the land in which his own money had been invested by the curator.

In instructions given at the instance of plaintiff the jury were specifically confined to the issues as laid down by this court when the case was formerly here.

At the instance of appellants, defendants below, the court specifically instructed the jury that plaintiff was not entitled to any damages for any attorney's services or expenses paid by him in litigating his right to the money which went into the purchase of the land and was derived from his mother.

Our former decision (139 Mo. App. 101, 120 S. W. 614) is the law of the case. [Metropolitan Bank

of St. Louis v. Taylor, 62 Mo. 338; Bagnell Timber Co. v. Missouri, Kansas & Texas Ry. Co., 242 Mo. 11, l. c. 21, 145 S. W. 469.] That disposes of all the most substantial contentions made by learned counsel for the appellants in the trial court and now submitted to us.

The point in the case now presented, that the circuit court of Schuyler county had no jurisdiction of the proceedings in which the appellant Smith was removed as curator and John C. Mills appointed in his place, now sought to be brought into this case, was disposed of by our court in In re Estate of Padgett, 114 Mo. App. 307, 89 S. W. 886. This appellant, the curator, was a party to that. Other points in the case have been disposed of adversely to the contention of appellant in one or more of the several appeals and writs of error which one of the present appellants, James H. F. Smith, prosecuted in the Supreme Court. [See Padgett v. Smith, 206 Mo. 303, 103 S. W. 943.] The last occasion that the matters in great part here involved were before our Supreme Court is Padgett v. Smith, 207 Mo. 235, 105 S. W. 742. Counsel for appellants seem to misunderstand this last decision. What is there held is that the services of the attorney for the minor for that part of the litigation pertaining to partition suit must be settled and determined by the circuit court in which the decree of partition was entered, that is to say, the circuit court of Schuyler county. That opinion does not hold that resort must be had to the Schuyler circuit court to tax and allow for the services of attorneys rendered outside of the partition branch of the case.

The appellant Smith, after having sought to sustain himself throughout all this long litigation as curator, now claims that he was chargeable, if at all, as administrator of the estate of his wife. That suggestion comes too late.

Counsel complain of the form of the verdict and judgment. We see no error in either. The verdict is that the jury find for plaintiff in the sum of $190. The judgment is that the bond be declared forfeited and judgment be and is rendered against James H. F. Smith and his sureties on the bond, naming them, in the sum of $5000, and that a special execution issue in favor of plaintiff and against defendants for the sum of $190, and the costs of the suit, which the court finds and adjudges that plaintiff is entitled to recover. We see no error in this. It is in substantial compliance with the statute.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.