Tom CHANNING, d/b/a T & S Concrete
Paving Co., a corporation, Plaintiff–
Appellant,

v.

BRINDLEY–SULLIVAN, INC., et
al., Defendants–Respondents.

No. 62843.

Missouri Court of Appeals,
Eastern District,
Division Seven.

June 15, 1993.

Gary Seltzer, Clayton, for plaintiff-appellant.

Jenkins, Kling & Sauerwein, P.C., Stephen R. Wigginton, Clayton, for defendants-respondents.

KAROHL, Chief Judge.

Tom Channing, Inc., d/b/a T & S Concrete Paving Company, [contractor] sued the following parties to recover for work done and to impress a mechanic's lien on certain real estate: Brindley–Sullivan, Inc., the owner and developer of a residential subdivision; Tarquad Corp., John McEvoy, and C & P Venture, which have interests in the real estate pursuant to deeds of trust; Mark Twain Mortgage Company, which holds both deeds of trust on certain lots and title on other lots; and individuals who own lots in the subdivision. Summary judgment was entered in favor of all defendants, except Brindley–Sullivan, Inc. Contractor appeals the summary judgment. We reverse and remand because a material issue of fact remains in dispute on the issue of timely filing of lien.

On November 28, 1988, developer hired Channing, Inc., as a general contractor to construct streets and sidewalks in the Audubon Woods Subdivision in St. Louis County, Missouri. The work proceeded in three phases. The third and final phase required the paving of two streets known as Big Bend Woods and Pheasant Woods Drive for $46,814.95. Contractor then performed paving work on these two streets. On February 6, 1990, contractor submitted an invoice to developer requesting payment for the work it provided on Big Bend Woods and Pheasant Woods Drive and other work previously performed in Phase II. On July 23, 1990, contractor received a payment, which it applied to the balance owed as of February 6, 1990, leaving a balance of $11,675.93.

Thereafter, developer, Brindley–Sullivan, Inc., requested that contractor seal the streets in the subdivision so they would pass inspection by St. Louis County. On December 20, 1990, contractor spent all day on the job site performing the work. Contractor submitted the invoice for the sealing to Charlie Liebert, who had replaced Brindley–Sullivan, Inc., for Phase III of the project. Liebert paid the invoice for the December 20, 1990, sealing work.

Contractor attempted to collect the balance from the original developer, Brindley–Sullivan, Inc. When such efforts failed, it filed a mechanic's lien on May 19, 1991. The lawsuit was filed on August 19, 1991. On September 10, 1991, defendant-property owners filed a motion to dismiss or, in the alternative, motion for a more definite statement. An amended petition was filed in February 1992. Defendants filed motions for summary judgment because the mechanic's lien was not timely filed and, therefore, was barred by § 429.080 RSMo1986.

The trial court rejected contractor's argument that the work performed on December 20, 1990, was pursuant to the original contract. It granted defendant-property owners' motions for summary judgment. A default judgment on the contract claim was entered against Brindley–Sullivan, Inc., concluding all claims in the litigation.

On appeal, contractor argues the court erred in awarding defendant-property owners summary judgment because the summary judgment facts included affidavit evidence the work done on December 20, 1990, was part of the work required by the contract. Summary judgment may be granted only in cases in which the movant can establish there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Rule 74.04. A trial court must exercise great care in granting summary judgment, frequently referred to as "an extreme and drastic remedy." *Ernst v. Ford Motor Co.*, 813 S.W.2d 910, 915 (Mo.App.1991).

When considering appeals from summary judgments, we review the record in the light most favorable to the party

against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 at 376 (Mo. banc 1993) (decided April 20, 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *ITT Commercial Finance Corp.*, at 376. We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

■ Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* at 376. The propriety of summary judgment is purely an issue of law. Because the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.* at 376.

■ A mechanic's lien must be filed "within six months after the indebtedness ... shall have accrued." Section 429.080 RSMo1986. Here, contractor filed the lien statement on May 19, 1991. The statutory time period begins to run on the last date that labor was performed or materials incorporated in construction of the building by the claimant. *Westerhold v. Mullenix Corp.*, 777 S.W.2d 257, 265 (Mo.App.1989). The mere lapse of time between the rendering of services as items in a contract on a running account is insufficient to commence the running of the statute of limitations barring the lien, nor is it significant that the last item of work may be small. *A.E. Birk & Son Plumbing & Heating, Inc. v. Malan Construction Co.*, 548 S.W.2d 611, 615 (Mo.App.1977).

Contractor contends there was insufficient evidence on the issue of when the job concluded for a court to rule as a matter of law that the lien was filed too late. It argues that December 20, 1990, was the last date labor was performed, under its original contract, when it sealed the streets in the subdivision. Defendant-property owners maintain the last such date was sometime prior to February 6, 1990; therefore, a lien filed on May 19, 1991, was barred by the six-month statute of limitations.

■ The question of when a job is done for purposes of filing a lien is a question of fact. *See Farmington Building Supply Co. v. L.D. Pratt Construction Co.*, 627 S.W.2d 648, 652 (Mo.App.1981) (whether sink rim was installed in house within four-month statutory time limit preceding the filing of lien statement was question of fact for trial court), and *Harry Cooper Supply Co. v. Gillioz*, 107 S.W.2d 798, 802 (Mo.App.1937) ("question of when an account accrues ... is question of when the material was finally installed in the premises.")

■ The record reveals an affidavit filed by Channing, Inc., from Mike Sullivan, an officer of Brindley–Sullivan, Inc., in opposition to defendant-property owners' motions for summary judgment. In pertinent part, the affidavit reads, "I know that Plaintiff [contractor] was on the job site through December 20, 1990 doing the work it was hired to do." Despite this evidence, the trial court granted defendants' motions for summary judgment on the grounds the lien was barred by the six-month statute of limitations.

The Missouri Supreme Court recently held "where the trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, summary judgment is not proper." *ITT Commercial Finance Corp.*, at 378. In this case, it is apparent the trial court failed to consider the affidavit filed in opposition to defendant-property owners' motions for summary judgment. This evidence maintains a genuine issue of when the job was complete for purposes of filing the lien. If a fact-finder were to conclude, as defendant-property owners argue, the work concluded on either January 20, 1990, or February 6, 1990, then the May 19, 1991, mechanic's lien was filed too late. If, on the other

hand, a fact-finder were to believe the work was completed on December 20, 1990, then the lien was timely filed. Thus, the trial court erroneously granted summary judgment in favor of defendant-property owners.

 Defendant-property owners' contention that the statement in the affidavit submitted by contractor was merely a conclusory allegation that is insufficient to raise a question of fact in a summary judgment proceeding is without merit. It is undisputed that the proper function of an affidavit is to state facts. *Bakewell v. Missouri State Employees' Retirement System*, 668 S.W.2d 224, 227 (Mo.App. 1984), appeal after remand, 706 S.W.2d 268 (Mo.App.1986). Conclusory allegations in affidavits are insufficient to raise questions of facts in a motion for summary judgment. *Missouri Insurance Guaranty Association v. Wal–Mart Stores, Inc.*, 811 S.W.2d 28, 34 (Mo.App.1991). However, here the statement that contractor "was on the job site through December 20, 1990, doing the work it was hired to do" is one of fact.

Because there is a genuine issue of material fact, summary judgment was erroneous.

Respondents' motion to dismiss appeal is denied. Reversed and remanded.

PUDLOWSKI and CRANDALL, JJ., concur.