GAMBLE *et al.*, *Appellants*, v. GIBSON, *Executor*.

1. **Practice, Civil:** REFERENCE: REVERSAL: EXCEPTIONS: RE-OPENING CASE: WAIVER. Defendant as executor presented in the probate court his account for final settlement of the estate in his charge to which exceptions were made by the heirs and judgment being rendered against him, he appealed to the circuit court where the whole matter was referred to a referee. Upon the coming in of the report, the executor excepted to different items of charges against him contained in it, which being overruled, he appealed to the Supreme Court, where the judgment of the circuit court was affirmed as to all the exceptions except the seventh one, and as to the latter it was held that the executor was not chargeable with the item therein excepted to by him, and the cause was remanded to the circuit court with the usual mandate to proceed in conformity with the opinion of the Supreme Court. The circuit court thereupon re-referred the matter of the seventh exception and a new trial was had as to it. *Held* (1) that none of the matters of exception was open for a rehearing or new trial in the circuit court; (2) that the circuit court, as asked by the executor, should have entered judgment in accordance with the report of the referee except as to the seventh exception, and as to the latter it should have rendered judgment for the executor on the facts as found and

Gamble v. Gibson.

reported by the referee ; (3) that the executor by participating in the re-trial of the matter of the seventh exception did not waive his right to assign for error the action of the court in reopening the case as to said seventh exception.

**2. Practice in Supreme Court**; JUDGMENT, CORRECTION OF. The Supreme Court cannot, in an original application to it in a case like this one, correct a judgment of the circuit court ; nor can it upon such application, direct the circuit court to do so.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*John W. Dryden* for appellants.

The court of appeals erred in holding that the case, after it was sent back to the circuit court, was not open for a retrial and that the action of that court in referring the issues arising on the seventh exception to Judge Holmes was error. The proceeding was a statutory one, or one at law, and after the reversal by the Supreme Court was open for a re-trial. *State v. Newkirk,* 49 Mo. 472 ; *Sharpe v. Johnston,* 76 Mo. 660 ; Rev. Stat., 1879, sec. 3623 ; *O'Neil v. Capelle,* 62 Mo. 202 ; *Moniteau Bk. v. Miller,* 73 Mo. 192. Even in equity cases as well as at law, whenever the judgment of the lower court is reversed and no new judgment is rendered by the appellate court, nor any specific directions given by it in remanding the case, the case goes back for a new trial. *State ex rel. v. St. Louis Circuit Court,* 41 Mo. 574; *Shroyer v. Nickell,* 67 Mo. 589 ; *Chouteau v. Allen,* 74 Mo. 59 ; *Lackland v. Smith,* 75 Mo. 307. The circuit court also erred in not sustaining the appellants' exceptions to the report of the referee Holmes. The circuit court also erred in confirming the finding of referee Farish as to the appellants' exception relating to the profits made by the executor on the Nineteenth street houses (*Jamison v. Glasscock,* 29 Mo. 191 ; *Rea v. Copeland,* 47 Mo. 76), on the Morgan street houses and on the executor's credit for commissions. The referee allowed the executor 5 per

cent. commission, which was wrong, as the executor has not faithfully administered the estate. *Wolf v. Berning*, 74 Mo. 100; *DeGall's Estate*, 2 Watts 566; *Ex parte Cassel*, 3 Watts, 442; *Smith v. Kennard*, 38 Ala. 695. The appellants as the prevailing parties in the litigation with respondent as to his final settlement as executor were entitled to recover their costs of him.  R. S., 1879, secs. 990 and 998; 1 W. S., 1872, p. 343, §§ 6 and 14.

*Charles Gibson pro se.*

HOUGH, C. J.—As the history of this case is succinctly stated in the opinion of the court of appeals we adopt the statement there made, making such changes therein as change of form has rendered appropriate.

At the December term, 1867, of the probate court of St. Louis county, Charles Gibson presented his final settlement as executor of the estate of Hamilton R. Gamble, deceased.  The devisees and distributees filed twenty-one exceptions to the report which, by consent, were referred to a referee, upon the incoming of whose report a judgment was rendered from which the executor appealed to the circuit court where, under the statute, the whole matter was heard *de novo* before Edward T. Farish, another referee appointed for that purpose.  Both parties, the executor and the exceptors, excepted to his report, but it was confirmed by the court, judgment rendered thereupon June 23, 1873, and from this judgment both parties appealed to the general term.  The general term affirmed the judgment of the special term and the executor alone appealed to this court.  He made no contest in this court upon the findings of fact of the referee; his bill of exceptions did not contain the evidence upon which the referee's findings were based but contained only the report which embraced his findings of fact and conclusions of law as to the exceptions to the executor's final account which were contested before him.  The opinion of this court will be found reported in 59 Mo. 585.

In this state of the record this court had nothing before it but the conclusions of the referee upon the facts found by him.  All of these conclusions were confirmed by this court, except his conclusion upon the facts found on the seventh exception.  This exception sought to charge the executor with a loss which the estate had sustained from the unauthorized act of the executor in the year 1864, in converting certain funds of the estate which consisted of the national currency into gold.  The referee found under this exception in favor of the exceptors in the sum of $6,613.30, with interest, making an aggregate finding against the executor under this exception, of $9,386.41.  The referee having found, however, that the executor acted in good faith in this matter, and with reasonable discretion, this court held that the conclusion of law of the referee confirmed by the judgment of the circuit court that the executor was chargeable with this loss and with interest on the same, was erroneous, and for this error alone the judgment was reversed and the cause remanded.  The usual mandate was sent down to the circuit court directing that court to proceed in conformity with the opinion of this court.  Thereupon the executor moved the court to enter judgment in accordance with the report of the referee, except as to the seventh or gold exception; as to that, the seventh exception, to render a judgment for the executor upon the facts found and reported by the referee.  This the circuit judge, after having taken the opinion of the judges in general term, declined to do and upon this ruling the executor took a bill of exceptions.  The exceptors then moved that the whole case be again referred to a referee to retry the issues of fact and law, which motion the court denied and the exceptors excepted.  The court then, against the objection of the executor, referred the cause to Edward T. Farish "to retry the matter contained in the seventh exception to his report heretofore filed herein."

Farish declining to act, Nathaniel Holmes was ap-

pointed in his place and a supplementary order was made defining the scope of the inquiry before him, which did not materially change the previous order. Under this order the facts relating to the seventh exception were heard *de novo* before the referee, Holmes, and he rendered a report thereupon, finding ''that the executor in these purchases of gold acted in good faith according to his best judgment for the interest of the estate,'' and that his action in this respect ''was a prudent and faithful discharge of his duty as executor and trustee, and cannot be considered as unauthorized or imputed as a fault or failure of duty;'' and the referee accordingly found that the executor could not be held personally responsible for the loss which the estate had thus sustained. He found, however, that the loss which the estate had thus sustained was $6,094.08, instead of $6,613.30, as claimed by the executor and as found by Farish, the previous referee.

With some slight modification, the court now confirmed the report of Holmes and upon this report and the report of Farish, except so far as the latter report related to the seventh exception, it rendered judgment against the executor for a balance of $977.64 and charged against him the costs of the proceedings had since the reversal of the cause by this court in 1875. The exceptors and the executor both moved to set this judgment aside, the motions of both were overruled and both appealed to the court of appeals. That court in May, 1881, rendered a judgment reversing the judgment of the circuit court, holding that the cause after having been remanded by this court in 1875, should not have been referred for re-trial upon the seventh exception, or upon any other exception, and that a judgment should have been entered by the circuit court upon the facts as found by referee Farish in his report of June 11th, 1872, and in accordance with the views of this court as to the law of the case as stated in the opinion remanding the cause. It, also, ordered that the cause be remanded with directions

to the circuit court to enter a judgment in conformity with its judgment of June 23rd, 1873, except so far as modified by the decision of this court, which it held would be a judgment that the executor pay to the devisees and distributees when and as ordered by the probate court, $401.17, with interest at the rate of six per cent. per annum from June 23, 1873; also, that the executor, Gibson, should pay all the costs of the proceeding both in the probate court and the circuit court down to and including the entry of that judgment, but not the costs subsequent thereto. From this judgment of the court of appeals the exceptors have appealed to this court.

It is contended here on behalf of the exceptors that, when this cause was remanded by this court, in 1875, to the St. Louis circuit court, that court, should have reheard all the issues in the cause; those as to which no error was found by this court in the finding of the referee and the action of the circuit court thereon, as well as that arising upon the seventh or gold loss exception, as to which, this court adjudged that there was error in the action of the circuit court. The executor, on the other hand, contends that when the cause was remanded to the circuit court that court should have entered judgment in conformity with the opinion of this court, as requested by him, and that it erred in again referring the seventh exception to a referee "upon an order which re-opened the facts for contestation." The court of appeals held that this proceeding is in the nature of a suit in equity and that consequently a reversal by the appellate court re-opened the case only so far as the appellate court directed it to be re-opened, and that as to all matters not remitted by the appellate court to the court below for re-examination the adjudication of the court below is conclusive and such matters are not re-examinable, either in the court below or in the appellate court on a future appeal, and that it was, therefore, the duty of the circuit court to render judgment in accordance with the opinion of this court, without any re-examination of the facts

supported by the referee or any further reference of any of the issues. *Supervisors v. Kennicott*, 94 U. S. 498 and cases cited; *Cassedy v. Bigelow*, 27 N. J. Eq. 505; *McNairy v. Mayor*, 2 Baxt. 251; *Biscoe v. Sandefur*, 14 Ark. 575; *McClellan v. Crook*, 7 Gill 333; *Young v. Frost*, 1 Md. 377, 396.

The exceptors contended, in opposition to the opinion of the court of appeals, that the present proceeding is not in the nature of a suit in equity, but is a statutory proceeding, or one at law, and that when the judgment of the circuit court was reversed and annulled and the cause was remanded without special directions, it was open for a new trial of all the issues raised by all of the exceptions and that said court might have based its judgment upon the testimony already before it as reported by referee Farish, or upon new evidence, or it might, in its discretion, have referred the whole or any of the issues to the same or another referee for trial.

Conceding that the exceptors are right in assuming that the present proceeding possesses none of the attributes of a suit in equity, and was not to be proceeded in as such, still it does not follow that all the issues raised by their exceptions should have been heard. Those exceptions stood for different grounds of complaint or causes of action and only as to those in the determination of which error was committed ought there to have been a re-hearing or new trial. If a petition contain ten distinct causes of action, each of which is properly triable by a jury, and no error be committed in the trial of nine of them, but as to the tenth error should be committed in the admission or exclusion of evidence, or in the declarations of law given by the court, or in some other particular, on appeal to this court the judgment being an entirety would have to be reversed for error committed in the trial of the tenth cause of action and the cause would be remanded to be proceeded with in accordance with the opinion of this court. Such a mandate would not vacate the verdicts rendered as to the nine

causes of action in the trial of which no error had occurred, and render it obligatory upon the circuit court to retry the issues made thereon, but the verdicts on the nine counts would stand in full force and would remain until a re-trial of the tenth cause of action, when, upon the verdict rendered on the tenth cause of action and the verdicts theretofore rendered on the other nine causes of action, a new judgment would be rendered. The statute provides that where there are several causes of action united in one petition, or where there are several issues, the judgment upon each separate finding shall await the trial of all the issues. Rev. Stat., sec. 3603.

So in the case at bar, it appears that this court held in its opinion reported in 59 Mo. 585, that no error had been committed by the circuit court in confirming the finding of the referee after hearing the exceptions of both parties, save as to the seventh or gold loss exception. As to it this court held that the judgment was erroneous and for the error committed as to that exception the judgment was reversed and the cause remanded to be proceeded with in accordance with the opinion of this court. The findings of the referee which had been confirmed by the circuit court, and properly so, as decided by this court, were not to be set aside, and the issues thus correctly settled opened for re-examination, but these findings were to remain in force and constitute in part the basis of a new judgment when the question of the liability of the executor under the seventh exception was properly disposed of. It is quite clear to us, therefore, that whether this proceeding be regarded as one at law or in equity, the circuit court committed no error in refusing to re-open those issues which this court declared had been properly adjudicated. Whether there should have been a new reference for the seventh exception is a question which is in my mind not entirely free from difficulty. But whatever the rights of the executor in that regard, with much deference for the opinion of the court of appeals to the contrary, I gravely

doubt whether the executor did not waive his exceptions to the refusal of the court to enter judgment in accordance with the opinion of this court by entering into the contest of the merits of the seventh exception before the referee Holmes. *Martin v. Henley*, 13 Mo. 312; *State ex rel. Merrill v. Burns*, 66 Mo. 227.

A majority of the court, however, are of opinion that such participation in the trial did not amount to a waiver, and that he is still at liberty to assign as error the action of the circuit court in re-opening the case as to the seventh exception; and my associates are further of opinion on the authority of *Hurck v. Erskine*, 50 Mo. 116, that the circuit court should have entered judgment in conformity with the opinion of this court, as requested by the executor, and that its refusal to do so constitutes error. This view of the case renders my examination of the report of referee Holmes and the testimony on which it was based, wholly unnecessary. It follows that the judgment of the court of appeals must be affirmed.

A motion has been filed by the executor in connection with the briefs in the cause, with exhibits setting forth that the judgment of June 23rd, 1873, as entered of record, was not, as to the matter of costs, the judgment rendered by the court, and praying this court to correct the same by an entry *nunc pro tunc*, or by an order directing the circuit court to make such entry. This court has no power, on an application like this, to correct the judgment of the circuit court as it appears in the transcript before us, nor on an original application to this court can we order the circuit court to enter such judgment. This application should have been made to the court in which the judgment was rendered and erroneously entered. Motion overruled and judgment affirmed.