STATE OF MISSOURI EX REL., LAURA LANKFORD, APPELLANT, v. THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A FOREIGN CORPORATION, RESPONDENT.—74 S. W. (2d) 904.

Springfield Court of Appeals. September 6, 1934.

Rehearing denied October 3, 1934.

*S. W. Bates* and *Foulke & Foulke* for appellant.

*L. D. Rice* and *A. R. Dunn* for respondent.

SMITH, J.—This is a suit brought in the Circuit Court of Newton County, on a surety bond. The bond was given by A. L. Box, administrator of the estate of Kent H. Lankford, deceased. The bond was signed by the Fidelity & Deposit Company of Maryland, in the penal sum of $12,000 and was dated and approved July 18, 1928. The condition in the bond is ''That if A. L. Box, Administrator of the estate of Kent H. Lankford, deceased, shall faithfully administer said estate, account for, pay and deliver all money or property of said estate, and perform all other things touching said administration required by law or the order or decree of any court having jurisdiction, then the above bond to be void, otherwise to remain in full force.''

The petition after alleging the joint and several liability of A. L. Box and the Surety Company, continues as follows:

"Plaintiff states that Laura J. Lankford, at whose relation this action is brought, is the sole and only heir or distributee of the estate of Kent H. Lankford, deceased, and as such distributee is entitled to all of the moneys and assets in said estate remaining after the payment of all just demands and claims against said estate approved by the court and after the payment of the proper and just costs of administration of said estate and that the said Laura J. Lankford, relator herein, is the party in interest lawfully entitled to the distribution of the assets of the said estate of Kent H. Lankford, deceased, and that her said interest in said estate as distributee of same is a matter of record in the Probate Court of Newton County, Missouri, as shown by the judgment of said court, Book Z, page 43, of Probate Court of Newton County, Missouri, wherein said court declares the relator herein to be entitled to all of the property and assets of the estate of Kent H. Lankford, deceased, less the proper and just costs of administration.

"For breaches of said bond plaintiff says that at the August term, 1929, of the Probate Court of Newton County, Missouri, the said administrator, A. L. Box filed a final settlement of the estate of Kent H. Lankford, deceased; that the Probate Court disallowed certain items in said settlement contained and the said administrator appealed from the judgment of the said probate court disallowing said items and said order of the probate court was by the Circuit Court of Newton County, Missouri, affirmed and at the February term, 1931, of the said Probate Court of Newton County, judgment was entered on the record of said court in said matter said judgment being found in Book Z, page 43, of the Probate Court Record of Newton County, Missouri; that said settlement showed that the said administrator was entitled to and was allowed credit for the sum of $533; that he had received the sum of $6130 and that the amount due the estate from the said administrator and charged to him was $5597.

"Plaintiff states that on the 19th day of July, 1928, the said administrator was appointed and that all just debts and charges against the said estate have been paid; that by lapse of time all demands against the said estate here barred on the 19th day of July, 1929, and that all just debts, claims or demands against the said estate filed within the statutory period of one year have been paid; that after the payment of all proper charges against the said estate there was due to the estate and to the relator herein as distributee of said estate the sum of $5597, but that although the said sum was due and payable on July 19, 1929, and demand has been made therefor from the said administrator, said administrator has failed and refused to pay the same or any part thereof to this relator, Laura J. Lankford, and plaintiff says that said failure to pay was a breach of the said bond.

"Plaintiff states that the settlement of the administrator, A. L. Box, above set out, after said items above referred to had been dis-

allowed and decree and judgment of the Probate Court of Newton County, Missouri, has been entered of record, at the February term, 1931, of said court, showed that there was due the estate the sum of $5597 from the administrator thereof and upon application of relator duly filed at said February term, 1931, of said court, the Judge of said' court ordered the said administrator of said estate to pay and distribute to relator herein the sum of $5597 and to report to said court on or before the 15th day of June, 1931, without fail; that said judgment is spread on the record of the Probate Court' of Newton County, Missouri in Book Z at page 58; that said administrator has failed and refused to obey said order of said court although the same has been demanded of him and copies of said order were served on him personally and on his attorney of record; that said failure of administrator as set out is a breach of the bond herein set out.

"Plaintiff therefore asks judgment for the penalty of said bond and that execution issue for the sum of $5597 the amount of relator's damage, with interest thereon from the day of when said payment became due."

A demurrer to the petition was filed and overruled, and the defendant filed answer admitting the appointment of A. L. Box as the administrator of the estate of Kent H. Lankford and that it is the surety on the administration bond of A. L. Box, but denies each and every other allegation in said petition contained.. The answer continues as follows:

"Further answering, defendant states that no valid or subsisting judgment was ever entered or decreed by the Probate Court of Newton County, Missouri, adjudging that the plaintiff was entitled to the money belonging to said estate, as if, as is alleged in the plaintiff's petition, said Probate Court did render a judgment finding and decreeing that plaintiff was entitled to said money and ordering the Administrator to make distribution to her, said judgment was wholly void and without force and effect, for the reason, as alleged in plaintiff's petition, said judgment of the Probate Court was founded upon a void judgment rendered by the Circuit Court of Newton County, Missouri, at the February term, 1931, of said Circuit Court, and for the further reason that said Probate Court rendered or attempted to render judgment without notice to said Administrator of said estate or to this defendant of the pendency of an action in said Court so as to enable said Administrator or this defendant to appeal and defend against said action, and that Probate Court was wholly without jurisdiction over the person of the said A. L. Box, Administrator, and of this defendant, and that said judgment and order so made as aforesaid by said Probate Judge was null and void and without force and effect.

"Defendant further denies that any valid order or judgment has ever been rendered by said Probate Judge or by any other Court

affecting said estate in so far as the rightful distributee or distributees of said estate are concerned, and that said Administrator has at no time ever refused to obey any lawful or valid order or judgment of said Probate Court, but does state that by reason of the rendition of such invalid and void judgments and the orders of said Court based upon such judgment, said Administrator has been unable to render any proper accounting or to make a final settlement, and that the only reason said Administrator has failed to make such accounting or to make his final settlement is because he has been unable to do so by reason of the rendition by the Court of such void judgment, so that said Administrator has been wholly at a loss to know how to make such a settlement under the facts in this case; that said condition as above set forth is due wholly to the wrongful conduct of this plaintiff in causing such a judgment and order to be entered by said Probate Court and not on account of a refusal or neglect of said Administrator to fulfill the duties enjoined upon him by the laws of this state.

"Defendant further states that on the —— day of ————, 193—, said plaintiff filed in the said Probate Court of said county, an intervening petition in a suit between certain alleged heirs of the said Kent H. Lankford and the said A. L. Box, Administrator, in which said alleged heirs filed exceptions to the final settlement of said Administrator, and that at the ————— term of said Court, 193—, said intervening petition was by the Court denied and a judgment rendered against the plaintiff in her claim against said estate for the money belonging to said estate; that said plaintiff failed to appeal from the judgment and decision of the Probate Court, as the result of which said judgment became final and binding against said plaintiff, and she is now estopped, by reason thereof, from instituting any suit or prosecuting the same against this defendant or any other person for the purpose of recovering any sum or sums of money belonging to said estate or to secure a penalty judgment against this defendant for any failure or neglect of said Administrator to perform the duties of his trust.

"Defendant further states that shortly after the appointment of the said A. L. Box as Administrator of said estate, the plaintiff in person and through her attorney, approached said Administrator and stated that they were not sure that said plaintiff was entitled to receive any portion of the money belonging to said estate by reason of the fact that she was only the step-mother of said deceased, Kent H. Lankford, and for that reason would not be entitled to receive any such money as an heir of said Kent H. Lankford, deceased, but did state that in their opinion the grandfather of said deceased, George Box, was the next of kin to the said Kent H. Lankford and was the sole and only heir of said Kent H. Lankford; that it was

stated to said Administrator that said plaintiff had a just account against said estate for work and labor performed by her in the rearing of the said Kent H. Lankford from infancy to young manhood and that it was their intention to file a demand against said estate for the amount of such work and labor; that before filing said demand, plaintiff, through her attorney went to said George Box and to said Administrator and insisted that she be paid for such work and labor and that she be paid the sum of One Thousand Dollars ($1,000) out of money of said estate as compensation for such work and labor; that said George Box and said Administrator, acting under the advice of plaintiff and her attorney, and acting solely in accordance with her demands and wishes, stated to plaintiff that they were willing that she receive the sum of Twenty-five Hundred and Fifty Dollars ($2550) out of the money of said estate instead of the amount she was demanding, and it was then agreed by the plaintiff that in order to settle all controversies then existing between plaintiff and the said George Box relative to any and all claims and demands she then had against said estate, and in order to settle all controversies as to plaintiff's rights as heir at law of said Kent H. Lankford, deceased, she would and did accept said offer. That in accordance with said agreement plaintiff's attorney prepared a contract, a copy of which is hereto attached, marked defendant's Exhibit A, and made a part of this answer, wherein upon the payment to plaintiff receiving payment from said estate, by said Administrator, of the said sum of $2550, plaintiff agreed to and did release said estate and said George Box from any and all further claims and demands which she then had or might have against said estate or the said George Box; that at the time of the signing of said contract by the plaintiff and the said George Box, said Administrator paid to said plaintiff, in accordance with her expressed wishes, solicitations and demands and desires, the said sum of $2550, and did with her knowledge, consent, wishes and desires and in her presence and that of her attorney, pay over to the George Box the balance of said money, to-wit: the sum of $2550, the amount remaining after paying just debts and the expenses of administration, etc., thereby through her own acts and solicitations and of her own free will and desires causing said Administrator to part with all the money belonging to said estate after deducting the expense of administration and just debts against said estate, and thereby through her own free will and act and through her insistence that she be settled with in the manner as above set forth, induced said Administrator to part with all the money belonging to said estate in the manner as above set forth so as to render him unable to make such a distribution as ordered by said Probate Court under said void judgment hereinbefore mentioned; that under the facts as above set forth, said plaintiff has received full settle-

ment of all the money due her from said estate, and that she is now estopped from making further claims or demands against said estate or against said Administrator or this defendant.

"And having fully answered, defendant prays to be discharged and for its costs herein laid out and expended."

The plaintiff filed a motion to strike out of defendant's answer paragraphs four, five and six thereof, which is the part above quoted, for the reason that the matter and things set out therein are not relevant to the issues of the case and would constitute no defense if true.

This motion does not seem to have ever been passed upon by the court. After this motion to strike was filed, upon application of defendant, a change of venue was had to the Circuit Court of Jasper County, where trial was had, without a jury, on February 4, 1933, and judgment rendered in favor of the defendant. Motion for new trial was filed and overruled, and appeal was had to this court.

The case is before us upon the following assignments of error:

1.

"There is no evidence to support the finding of the court for the defendant.

2.

"Under the law, the finding of the court should have been for the relator.

3.

"The finding of the court under the law and the evidence should have been for the relator.

4.

"Relator's motion to strike should have been sustained.

5.

"It was error to try the case and render judgment without a determination of relator's motion to strike.

6.

"It was error to admit in evidence, over the objection and exception of the relator made at the time, defendant's Exhibit A. said exhibit being incompetent to prove or disprove any issue made in the case by either the petition or the answer."

It may be seen from the pleadings, which we have set out at length, that this is an action at law. It was tried to the court. No declarations of law were requested and none were given. The court did not indicate upon what theory of the case the decision was made. So, under the assignments before us, as above quoted, if there is any substantial evidence to support the judgment, it is our duty to affirm it, unless of course, error was committed in connection with failure to sustain the motion to strike, or in the admission of defendant's Exhibit A.

The fourth and fifth assignments have to do with the motion to strike out part of the answer. The record fails to show that the motion to strike was at any time ever called to the attention of the trial court after it was filed and pending the trial, and while there was no reply filed, yet the case was tried throughout by both sides as if there was a reply filed. If the plaintiff went into the trial of the case, after the change of venue was had, without calling to the attention of the trial court the motion to strike, it must be held that the plaintiff waived the grounds set up in its motion to strike.

This case was tried upon the theory set out in the defendant's answer, and evidence was admitted thereunder without objections. Under such circumstances the appellant is in no position, after judgment to attack the answer on the grounds alleged. [Clark v. Crandall, 319 Mo. 87, 93, and cases there cited, 5 S. W. (2d) 383.]

We therefore hold against the plaintiff on the point of alleged error in failing to pass on the motion to strike.

The first, second, third and sixth assignments have to do with the evidence, and we shall consider them together. The evidence shows that Kent H. Lankford was a soldier within the World War and died while in the service, on October 17, 1918. He at the time of his death, held a War Risk Insurance policy in the sum of $10,000. His father, Charles Lankford, was named as beneficiary therein, Laura Lankford, the plaintiff in this case, was the stepmother of Kent H. Lankford. She married Kent's father when Kent was about two years old. Charles Lankford died March 1, 1928, and at that time there was an unpaid balance of $6,130 due from the government on the policy issued on the life of Kent H. Lankford.

Charles Lankford left a will in which he bequeathed all his personal estate to his widow, Laura, and it is her contention that she is entitled to the above mentioned $6130 on the theory that it was a part of the personal estate of her husband Charles Lankford.

After the death of Charles Lankford, the plaintiff, Laura Lankford, began to make inquiry as to how she would or could get possession of the balance due Charles Lankford from the insurance on the life of Kent H. Lankford. The testimony shows that she conferred about the matter with an attorney at Neosho, Missouri, and that this attorney wrote the Veteran's Administration at Washington, D. C., and he was informed by the Veteran's Administration that the unpaid money would go to the estate of Kent H. Lankford, and that it would be necessary to have an administrator of Kent H. Lankford's estate appointed to receive this money and to settle his estate, and to make the necessary and proper distribution of his estate.

A. L. Box was appointed administrator of the estate of Kent H. Lankford and qualified by giving the bond sued on here. The testimony shows that he, as such administrator received from the govern-

ment the balance of $6130, insurance upon the life of Kent H. Lankford.

The testimony shows that Laura Lankford reared, and acted as the mother of Kent H. Lankford from the time he was two years old, when she married his father, until he enlisted in the World War. She and her then attorney thought she should have that money. It seems that her attorney, who is not representing her in this proceedings, advised her that she could not inherit as one of the distributees in the Kent H. Lankford estate; that since Kent H. Lankford left no widow, or children, and left no brothers or sisters, and left no father or mother, that his nearest of kin was a grandfather, George Box, and that George Box was entitled to inherit all of Kent H. Lankford's estate. Kent H. Lankford left surviving him several uncles and aunts, among the number is A. L. Box, who was appointed administrator of his estate. A. L. Box is a son of George Box, the grandfather of Kent H. Lankford.

The testimony shows that the plaintiff, first took the position, through advice of her former attorney, that she was not entitled to this money through the provisions of her husband's will, but that she should have a part of it any way because of services rendered to Kent H. Lankford in caring for him in his raising from the time of his coming under her care when he was two years old and until he left her home to go into military service.

The evidence shows that there seemed to be an understanding reached by the plaintiff in this case and the administrator of Kent H. Lankford's estate, and George Box, that this entire estate should go to George Box, subject to any indebtedness of Kent H. Lankford. (As to the correctness of these conclusions there may be several questions which we need not determine here.)

The testimony shows that an agreement was finally reached in which this plaintiff agreed with George Box that if he would pay to her $2550 out of the funds he was to receive from the Kent H. Lankford estate that she would file no claim against the estate, for services in raising and caring for Kent H. Lankford, and would make no claim upon the funds in any way. The testimony shows that such sum was paid to the plaintiff, by George Box and she receipted therefor, as shown by Exhibit A, which was introduced in evidence, and is in words and figures as follows:

"DEFENDANT'S EXHIBIT A

"BOX AND LANKFORD Agreement

"Whereas, Kent H. Lankford, died intestate on the 17th day of October, 1918; and

"Whereas, George Box, of Seneca, Missouri, is the only surviving grandfather, and therefore the next of kin, of said Kent H. Lankford, deceased, his heir at law and entitled to receive his estate, and

"Whereas, Laura J. Lankford, is the stepmother of said Kent H. Lankford, deceased, and took the place of "MOTHER" to him, caring for him, rearing him as a child of her own, from the age of about two years to that of twenty years without fee or reward, and

"Whereas, said Laura J. Lankford is about to file in the Probate Court of Newton County, Missouri, where the estate of the said Kent H. Lankford, deceased, is now in process of settlement, a demand for the care and attention bestowed upon, the labor made necessary by said Kent H. Lankford, being in her charge and under her care, Now,

"Therefore, It is hereby agreed by and between the said George Box and said Laura J. Lankford, that the said George Box, in consideration of the withholding of the filing of her said demand against the said estate, that he will pay her the said Laura J. Lankford, the sum of Twenty-five Hundred-Fifty Dollars ($2550.00), in full consideration and satisfaction of all claims and demands she may have against the estate of the said deceased, of every kind and nature, and the said Laura J. Lankford, hereby agrees to accept and does hereby accept the said sum of Twenty-Five Hundred Fifty Dollars ($2550.00), and hereby agrees to and does hereby release the claims or demands of every kind and nature, she may have against the said estate, and said George Box.

"Executed in duplicate at Seneca, Missouri, this 18th day of December, 1928.

"In presence of W. A. Phipps, A. R. Dunn.

"George (x) his mark, Box.

"Laura J. Lankford, Seneca, Missouri, Dec. 18, 1928.

"Received of George Box $2550.00 in full satisfaction of the above and foregoing agreement and release of the estate of Kent H. Lankford, deceased, and said George Box, from any and all claims and demands of every kind and nature I might have against said estate.

"Laura J. Lankford."

The evidence shows that this money was paid to plaintiff by George Box out of funds he had received as distributee of the estate of Kent H. Lankford, which funds were paid by the administrator. This was testified to by A. L. Box, the administrator, and not denied by any one, so far as the record before us shows.

Later the plaintiff decided that she is entitled to the entire amount of money within the Kent H. Lankford estate and brought this suit accordingly claiming in her petition to be the sole and only heir and distributee of the estate of Kent H. Lankford, deceased.

We have set out at length the petition and answer which shows the contention of the plaintiff and of the defendant. We deem it unnecessary to set out all of the testimony. It is sufficient to say that testimony was offered by both sides tending to show the contentions pleaded. The case was tried before the court without declara-

tions of law being requested by either side, and none were given by the court, and judgment was rendered against the plaintiff.

The defendant sets up several grounds in its answer, as to why the plaintiff should not prevail.

The plaintiff in her petition asserts, first that she "is the sole and only heir or distributee of the estate of Kent H. Lankford" and is entitled to all of said estate remaining after the payment of all demands against the estate and the costs of administration. She alleges that is true because it is shown as a matter of record in the Probate Court of Newton County, Missouri, wherein a judgment was rendered, declaring that the plaintiff herein is entitled to all property and assets of the estate of Kent H. Lankford, less the proper and just costs of the administration. A certified copy of the record of the Probate Court of Newton County was introduced in evidence by plaintiff, which is in words and figures as follows:

"PROBATE COURT RECORD, NEWTON COUNTY, MISSOURI

"Wednesday, May 6th, 1931, a Judicial Court Day of Regular February, 1931, Term.

In the matter of the Estate of Kent H. Lankford, deceased, A. L. Box, Administrator.

Application of Laura J. Lankford, distributee of Kent H. Lankford, deceased, filed for payment of balance shown to be due her as per order of circuit court and as shown by final settlement filed by Adm. Application sustained and order made as per application filed.

"Now on this day, Laura J. Lankford, files application for distribution of the money in the hands of the administrator of this estate, Lon A. Box, and it appearing to the court that the said Laura J. Lankford is the sole distributee of the assets of said estate after all just claims and demands and costs of administration have been paid and it is further appearing by the final settlement of the said administrator filed herein, that all demands and costs of administration have been paid and that the administrator has on hands the sum of $5597.00 and that the said estate has been in the hands of the administrator for more than one year:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said administrator pay and distribute to the party in interest, lawfully entitled thereto the sum of $5597.00 and report to this court on or before the 15th day of June, 1931, without fail.

"Charles I. Sheppard,
"Probate Judge."

It is shown by the above order that it is based upon an order of the Circuit Court. The order of the Circuit Court referred to is an order or judgment of the Circuit Court, passing on the failure

of the Probate Court to allow certain claims presented against the estate of Kent H. Lankford. The judgment of the Circuit Court of Newton County as rendered at the February, 1931, term is as follows, caption omitted.

"IN THE CIRCUIT COURT IN AND FOR NEWTON COUNTY, MISSOURI, FEBRUARY TERM, 1931, AT NEOSHO.

In the matter of estate of Kent Hunter Lankford, deceased. No. 5963.

## JUDGMENT

"Now at this day the above cause coming on for hearing and the exceptors being present in their own persons and by their attorneys, J. D. James and Grover James, and the administrator being present in his own proper person and by his attorney, A. B. Dunn, and the intervenor being present in her own proper person and by her attorneys, Foulke and Foulke, and the court having seen and heard all of the evidence offered by each of the said parties and having been fully advised in the premises as to all of the issues before the court doth find;

"That the court does not have jurisdiction of the intervening petition of Laura Lankford because said matter raised in said intervening petition is not one of the matters which came to this court on appeal from the probate court; and the court doth further find that the only matter which is before this court is the matter of the exceptions to the final settlement of the administrator, which were sustained in the lower court and which order of the probate court was appealed from this court.

"It is therefore considered, ordered, adjudged and decreed, that the exceptions to the item No. 1, "Laura J. Lankford, for care, board, clothing, books and expense raising him from a babe of two years to manhood, $2550 is not a just, lawful or proper claim and should not be allowed by the administrator and the exceptions to said item are hereby sustained; and it is further ordered, adjudged and decreed by the court that the Item No. 2. 'A. R. Dunn, attorney fee, $100.00' is not a just, proper or lawful claim against the estate and the exceptions to same are hereby sustained; and it is further ordered, adjudged and decreed that Item No. 3 'Attorneys fees in Circuit Court to establish paternity of Valories Roselee Lankford, allowed by the court, $300, 'is not a just, proper or lawful charge against the estate and the exception to the same are hereby sustained.

"It is further considered, ordered, adjudged and decreed by the court that the Clerk of the Circuit Court of Newton County shall certify a transcript of this judgment and the proceedings herein to the Probate Court of said Newton County shall proceed with the administration of this estate in accordance with the provisions of this

judgment and shall not allow any of the items set out in the next preceding paragraph.'

The record before us is evidently not complete. From the judgment of the circuit above quoted from the record, we infer that Laura Lankford had filed an intervening petition of some kind, but the record before us does not show what it was that she was attempting to do.

The Circuit Court judgment as presented to us does not show that the plaintiff herein was entitled to the entire estate of Kent H. Lankford, and while the purported judgment of the Probate Court, above quoted, does refer to the judgment of the Circuit Court and attempts to follow the directions of the judgment of the Circuit Court, yet that judgment does not hold anything except to disallow certain claims against the estate, as shown by the purported final settlement of the administrator. A reading of the above judgment of the Circuit Court will disclose that was an affirmance of the former judgment of the Probate Court.

Under the Probate Court Judgment it does recite that Laura Q. Lankford is the sole distributee of the assets of the estate, and the final order is that the administrator pay and distribute to the party in interest, lawfully entitled thereto the sum of $5597. Since the evidence shows that the plaintiff has received approximately one-half of this estate, then, under any theory, can the plaintiff be entitled to the balance of the estate, and did the trial court err in deciding against her?

It seems to be definitely settled that the unpaid installments of a war risk policy is to be paid to the administrator of the soldier's estate, and is to be distributed by the administrator under the law of the state in which the soldier was domiciled. [In re Knight's Estate (Mo. App.), 48 S. W. (2d) 71, and cases therein cited, 81 A. L. R. 942; Cassarello v. United States, 271 F. 486; United States v. Mallery et al., 48 F. (2d) 6; United States v. Oliver et al., 59 F. (2d) 55.]

It is also well settled that the surviving beneficiary does not have a vested interest in the unpaid installments of a war risk policy, so as to dispose of them by will, and especially those installments that were not due at the time of the beneficiary's death. [In re Knight Estate, supra; U. S. v. Mallery et al., supra at page 8; U. S. v. Oliver, supra at page 56.]

This court in the Knight case, supra, held that money from an insurance policy such as here should be distributed to the heirs of the deceased under the provisions of the Missouri Statutes, and that this money should go to the persons who were the heirs of the soldier at the time of the soldier's death. At the time of the death of the soldier, since he left no children or their descendants, his heir was his father

next in line to inherit, under the provisions of Section 306 of Revised Statutes of Missouri, 1929. He left no mother, brother, or sister, or any of their descendants.

Charles Lankford, the father of Kent H. Lankford, was the heir entitled to receive the estate at the time of the death of Kent H. Lankford. He undertook to bequeath his property to his wife, the plaintiff herein. We must hold, under the authorities heretofore cited, that he could not so bequeath the unpaid proceeds of said insurance. Under the same authorities, we must and do hold that the unpaid proceeds of said insurance should be distributed under our statutes to the heirs of Kent H. Lankford as of the date of his death. This heir was his father, Charles Lankford, and so far as the unpaid insurance money is concerned, it stood as if no will had been made by Charles Lankford.

Then, under the law and facts as in this case who would be entitled to this money? It should by reason of our statute and the Federal Statutes construed by the courts be distributed to the heirs of Charles Lankford. Charles Lankford had a property right therein, or at least a right to be received by him, or his estate, subject to the provision that he could not dispose of it by will.

When Charles Lankford died whatever rights he had in it should have gone to his estate, and the administrator of the estate of Kent H. Lankford should have paid this money to the administrator of estate of Charles Lankford or to the distributees of Charles Lankford.

The record is not very clear as to the estate of Charles Lankford or who his heirs were. The record before us shows that when Charles Lankford died he left no children or their descendants and left no father or mother, but the record does show that he left brothers and sisters or their descendants, and he left this plaintiff as his widow. So according to our statutes this property should go to Charles Lankford's "father, mother, brother and sisters, and their descendants in equal parts," subject to the payments of his debts and the widow's dower. The record is silent as to the debts of Charles Lankford. Section 325, Revised Statutes of Missouri, 1929, provides that when the husband dies without any child or other descendants his widow shall be entitled "to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts."

Our conclusion is that the $6130 received by the administrator of the Kent H. Lankford estate, should have gone to the payment of his debts, if any, and the cost of the administration, and the remainder should have gone to the estate of his father, Charles Lankford, just as it would have gone to Charles Lankford, if Kent's estate had been administered before his father died. It should have been paid to the administrator of Charles Lankford's estate or to his proven dis-

tributees, which means that one-half of it subject to the payment of his debts, should have gone to his widow, the plaintiff in this suit. The other one-half, since he left no father or mother should have gone to his brothers and sisters and their descendants in equal parts, subject of course to the payments of his debts.

It was the duty of A. L. Box, administrator of the estate of Kent H. Lankford to have properly distributed the estate. Upon failure to do so the defendant in this case would be liable.

This record is not clear as to whether the plaintiff has received all that she is entitled to receive under the provision of Section 325, Revised Statutes of Missouri, 1929, nor is it clear as to the number of heirs of Charles Lankford. We are not trying to take care of the heirs of Charles Lankford, but the record before us shows that the money from the Kent H. Lankford estate has not been distributed in accordance with our laws, and this case will of necessity have to be reversed and remanded for a new trial in keeping with the suggestion herein.

Plaintiff contends that it was error to admit defendant's Exhibit A, hereinbefore quoted. We think it was of some probative value, for it tends to show that the plaintiff has received from the money derived from this estate $2550. While the contract was with a third party George Box, and might not be binding upon the defendant, in this case, yet we think it was not reversible error to introduce it, for it was some evidence of what the plaintiff had indirectly received from this estate.

This court has held that funds coming from insurance of this kind is not subject to the claims of creditors of the deceased soldier. [Butler v. Cantley, 47 S. W. (2d) 258, 259, and cases there cited.]

Our conclusion is that the plaintiff was not entitled to any part of this money for services rendered Kent H. Lankford. That since these funds descended through the estate of Charles Lankford the plaintiff is entitled only to an interest therein as provided by Section 325, Revised Statutes of Missouri, 1929; that the remainder of said estate should be distributed to the heirs of Charles Lankford under the provisions of Section 306, Revised Statutes of Missouri, 1929, and that the defendant's liability under this particular suit is contingent upon whether the plaintiff has recovered all of her interest therein as provided by Section 325, Revised Statutes of Missouri, 1929.

The record before us is not clear on this point. This cause should be reversed and remanded to the Circuit Court for another trial so that point may be definitely determined. It is so ordered. *Allen, P. J.*, and *Bailey, J.*, concur.