Bernard D. FEINSTEIN, (Plaintiff) Respondent,

v.

Kenneth P. McGUIRE, (Defendant) Appellant.

No. 46442.

Supreme Court of Missouri, Division No. 1.

March 10, 1958.

Rehearing Denied April 14, 1958.

See also, 297 S.W.2d 513.

Jerome F. Duggan, Edward A. Dubinsky, Dubinsky & Duggan, St. Louis, for appellant.

Robert V. Niedner, Niedner & Niedner, St. Charles, for respondent.

DALTON, Judge.

This is an action to quiet and determine title to 159.58 acres of described real estate in St. Charles County, Missouri, with a cross-action by defendant to quiet and determine title in him as to a one-half interest in the described property. Verdict and judgment were for plaintiff and defendant has appealed.

This is the second appeal in this case. See Feinstein v. McGuire, Mo.Sup., 297 S.W.2d 513, 517. The principal issue now presented is whether the prior opinion required a trial de novo of all issues, or whether the remand was for trial of only a limited fact issue. Reference is had to the prior opinion from which it appears that plaintiff claimed title under a certain special commissioner's deed in partition dated October 26, 1954 and by adverse possession for the statutory period prior to the institution of the action on April 18, 1955. Apparently, the defendant claimed a record title to a one-half interest in the property. The cause was tried by the court, without the aid of a jury and the issues were found for plaintiff. Defendant appealed. After reviewing the record on that appeal, this court reversed the judgment and remanded the cause.

The court said: "However, we cannot affirm the judgment herein because there was a failure to prove adverse possession for the full statutory period of ten years. As we have indicated, when the commissioner's deed was made to plaintiff, the possession of Munday and Thielecke lacked two months and five days of extending over the required period. Plaintiff did not testify. There is no evidence whatever that he went into the possession of this farm. * *

"We have concluded, however, that the cause should be remanded in order to allow an opportunity to each party to present evidence on the issue as to plaintiff's possession, if any, of this land between the date

of the commissioner's deed and the time he instituted this suit. As indicated, such evidence would appear to be available. * * * We are further of the opinion that each of the parties should be afforded an opportunity to offer additional evidence to support his claimed record title so that, if plaintiff fails to establish title by adverse possession, the trial court would have a proper basis for a determination of the record title which may be vested in the parties.

"We should perhaps mention that defendant has made the contention that plaintiff should not be permitted to recover upon the theory of adverse possession because such was not alleged in his petition * * However, we need not actually decide that point. Since the case will be remanded the plaintiff may re-examine this question and, if he deems such action advisable, may ask leave of the trial court to amend his petition in that respect.

"The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed."

After the decision of this court became final, a mandate was issued reciting in part "that the judgment * * * be reversed, annuled and for naught held and esteemed, and that the said appellant (McGuire) be restored to all things which he has lost by reason of said judgment. It is further considered and adjudged by the court that the said cause be remanded to the said Circuit Court of St. Charles County for further proceedings to be had therein, in conformity with the opinion of this court herein delivered * * *."

When the cause again reached the circuit court, amended pleadings were filed. Plaintiff's amended petition pleaded facts showing an action at law to quiet and determine title to the described property in plaintiff on the ground of adverse possession and alleged that defendant claimed an undivided one-half interest under a certain deed dated August 29, 1921. Defendant filed an answer denying generally the allegations of the amended petition, but admitting that he claimed an undivided one-half interest in the described real estate under the mentioned deed. He asked that his title be quieted and determined and he further alleged that plaintiff's grantor had acquired no title under a certain tax deed which he alleged to be void. Defendant offered to refund taxes paid on his undivided one-half interest and asked judgment that the said tax deed was void. Plaintiff's reply denied the new matter set up in defendant's answer to the amended petition and asserted that defendant's claim was barred by the statute of limitation.

On this second trial, the cause was tried to a jury. A verdict was returned for plaintiff, as stated, and judgment was entered in conformity to the verdict.

In view of the issues presented upon this appeal it will not be necessary to review the evidence presented by the respective parties, except to say that plaintiff attempted to limit his evidence of adverse possession to the period from October 26, 1954 (the date of the commissioner's deed to plaintiff) to April 18, 1955 (the date the suit was instituted). The trial court agreed with plaintiff that such alone was within the scope of the mandate of this court on the prior appeal. Defendant was precluded from inquiring into any matters occurring prior to October 26, 1954, either by the examination of defendant's witnesses or the cross-examination of plaintiff's witnesses. The evidence was limited by the court to the mentioned period on the theory that such matters were the only matters within the proper scope of the issues being submitted to the jury. At the close of all the evidence defendant moved for a directed verdict on the ground the evidence was insufficient and did not show adverse possession for ten years prior to, April 18, 1955. The motion was overruled and, over defendant's objection, the cause submitted on the issue of plaintiff's "open, notorious, uninterrupted, adverse and actual possession of the premises described' * * * from October 26, 1954 * * * until the 18th day of April 1955."

Error is not assigned on the court's refusal to direct a verdict for defendant-appellant, nor on the giving of plaintiff's instructions on the theory mentioned, nor is error assigned on the refusal of defendant's instructions, rather the sole assignment is as follows: "The trial court erred in ruling that the only issue to be tried under the mandate of the Supreme Court was the limited issue of the evidence, if any, of plaintiff's possession between the dates of the special commissioner's deed and the time suit was instituted." Appellant says "the trial court erred in construing the mandate of the Supreme Court * * * as res adjudicata of the law and the facts upon the second trial." In the motion for a new trial the defendant had assigned error on the court's action "in refusing to try the case de novo" and "in limiting testimony between specific dates * * * which dates did not nearly approximate ten (10) years." The record clearly shows that defendant's counsel, in the trial of the cause, took the position that the cause was triable de novo on the issues made by the amended pleadings which were filed after the remand of the cause, while the trial court and plaintiff's counsel took the position that the sole issue for trial under the mandate of this court was "the question of adverse possession of the plaintiff during the limited period following the execution of the commissioner's deed," to wit, from October 26, 1954 to April 18, 1955.

Respondent's counsel agrees with appellant's counsel that, in view of the limited scope of this appeal, a review of the facts of respondent's possession would not seem to be required for the determination of this appeal. Respondent insists that the trial court was correct in limiting the evidence to the period between the date of the commissioner's deed and the time plaintiff instituted this action and contends that "the directions in the mandate must be determined from the mandate and the opinion of the Supreme Court." Respondent relies particularly on that part of the prior opinion which states that "the cause should be remanded in order to allow an opportunity to each party to present evidence on the issue as to plaintiff's possession, if any, of this land between the date of the commissioner's deed and the time he instituted this suit." Respondent further takes the position that the Supreme Court had decided the issue of when witnesses Thielecke and Munday were in possession of this property, by stating in its opinion, "we think we must adopt December 31, 1944, as the date upon which they went into possession."

██ Respondent relies upon the rule stated in State ex rel. Lankford v. Fidelity & Deposit Co. of Maryland, Mo.App., 99 S.W.2d 476, 478, as follows: "Rulings of the higher courts, on appeals where a case is reversed and remanded, become the law of the case. * * * The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings, both in the trial and appellate courts, and no question involved and decided in the first appeal of the cause will be considered on a second appeal, and on a retrial should not be considered by the trial court. The application of this rule is sometimes stated as res adjudicata. It has been universally held by the courts of this state that where a cause is remanded with specific direction, it is out of the power of the lower court to open the cause and have a new trial on the issues determined in the opinion."

Respondent further relies upon Gracey v. St. Louis, 221 Mo. 1, 119 S.W. 949, 950, where the court said: "Under such circumstances, when the case went down with directions to the trial court to proceed in accordance with the opinion and with the suggestion that on the record before us plaintiff was entitled to a preemptory instruction, the trial judge was bound by those directions. * * * The rule in that regard is soundly bedded in principle and precedent. On a second appeal or writ of error on the same facts and pleadings the appellate court will not notice questions determined in the previous decision. All such are res judicata and closed. For the practical administration of justice, the former decision is the law of the case."

These general rules are not questioned, but the issue presented is the application, if any, of these general rules under the facts of this particular case, in view of the prior opinion herein. Respondent also cites the following equity cases. Abrams v. Scott, 357 Mo. 937, 211 S.W.2d 718, 721 (prior opinion in Abrams v. Lakewood Park Cemetery, 355 Mo. 313, 196 S.W.2d 278, 287); Prasse v. Prasse, 342 Mo. 388, 115 S.W.2d 807, 809 (prior opinion in Mo., 77 S.W.2d 1001); Davison v. Arne, Mo.Sup., 248 S.W.2d 582, 584 (prior opinion in 348 Mo. 790, 155 S.W.2d 155); DeMayo v. Lyons, Mo.Sup., 243 S.W.2d 967 (prior opinions in 360 Mo. 512, 228 S.W.2d 691 and 358 Mo. 646, 216 S.W.2d 436); Gamble v. Gibson, 83 Mo. 290, 296 (prior opinion in 59 Mo. 585). Other cases cited include Keaton v. Jorndt, 259 Mo. 179, 168 S.W. 734, 735, a quiet title suit (prior opinion in 220 Mo. 117, 119 S.W. 629, 633). We do not find any of these cases close or controlling under the facts here. They may be easily distinguished upon their own facts. For example, in Abrams v. Scott, supra, 211 S.W.2d 718, the court held that where the Supreme Court had held that a foreclosure pursuant to a power of sale under a deed of trust vested title in the purchaser subject to a prior dedication for cemetery purposes, and that equitably all parties were bound by the trust deed on one side and the cemetery dedication on the other, and the opinion had concluded by reversing the finding that foreclosure sale was invalid and had remanded the cause for further proceedings consistent with its opinion, *the mandate was one with directions,* and was not a general remandment, and the trial court was without power to enter judgment vesting title in the foreclosure purchaser without reserving the rights of those interested in the use of the land as a cemetery.

State ex rel. Lankford v. Fidelity & Deposit Co. of Maryland, supra (prior opinion in 228 Mo.App. 953, 74 S.W.2d 904), and Gracey v. St. Louis, supra (prior opinion in 213 Mo. 384, 111 S.W. 1159, 1165), while actions at law, are in nowise controlling

here in view of the prior opinion of this court reported in 297 S.W.2d 513.

■ An examination of the former opinion in this case shows that the judgment was reversed and the cause remanded "for further proceedings in accordance with the views herein expressed." The concluding paragraph of the former opinion and the mandate of this court indicate that the judgment of the trial court was set aside— reversed, and the cause remanded *without* any specific directions to the trial court. Absent any specific directions on such remand, the action being one at law, where the facts were to be determined by a jury or the court sitting as a jury, it would appear that a new trial de novo was contemplated. The words "for further proceedings in accordance with the views herein expressed" contained no specific directions to the trial court and addded nothing to the opinion.

■ In the case of Murphy v. Barron, 286 Mo. 390, 228 S.W. 492, 494, this court said: "The words 'for future proceedings in accordance with this opinion' added nothing which would not have been necessarily implied had they been omitted. Every case which is remanded is remanded 'for further proceedings,' whether those words are used or not, and such further proceedings are expected to be 'in accordance with' the opinion rendered." And see Abrams v. Scott, supra, 211 S.W.2d 718, 721; Adams v. Adams, 350 Mo. 152, 165 S.W.2d 676, 677.

■ Accordingly, we must look to other portions of the opinion for any specific directions. We have noted the action was one at law, since no ground for affirmative equitable relief was stated in the petition and no such relief was asked. Baker v. Lamar, Mo.Sup., 140 S.W.2d 31, 34; Coulson v. La Plant, Mo.Sup., 196 S.W. 1144; St. Joseph Lead Co. v. Fuhrmeister, 353 Mo. 232, 182 S.W.2d 273, 277. We have also noted that a jury had been waived and the action had been tried by the court. The opinion, after a review of the facts,

pointed out that "neither party offered satisfactory evidence from which we can determine the state of the record title. * * * As indicated, there was no showing of a common source of title."

The court then reviewed the evidence in order to determine the sufficiency of the evidence to establish title by adverse possession. It must be remembered that this court was reviewing the facts to determine the sufficiency of the evidence on an appeal by defendant in an action at law, where the cause had been tried before the court without the aid of a jury. The review was had as provided by Section 510.310 RSMo 1949, V.A.M.S. By adopting December 31, 1944, as the earliest date, supported by evidence tending to show plaintiff's predecessors in title had been in actual possession of the premises, the court found the evidence insufficient to show more than 9 years, 9 months and 26 days of adverse possession. The court on further review of the evidence found the evidence "sufficient to establish all of the elements required to constitute adverse possession" during the mentioned period. After further discussion, the opinion pointed out that the judgment could not be affirmed because "there was a failure to prove adverse possession for the full statutory period of ten years."

While the opinion did state that "we have concluded, however, that the cause should be remanded in order to allow an opportunity to each party to present evidence on the issue as to plaintiff's possession, if any, of this land between the date of the commissioner's deed and the time he instituted this suit," nevertheless it further appeared from the same paragraph of the opinion that "each of the parties should be afforded an opportunity to offer additional evidence to support his claimed record title so that, if plaintiff fails to establish title by adverse possession, the trial court would have a proper basis for a determination of the record title which may be vested in the parties."

We think this last statement clearly evidenced that a trial de novo was contemplated, but if it did not, then the following paragraph with reference to the filing of

amended pleadings indicated that all issues would be open for decision upon a new trial.

It should also be noted that after the cause was remanded, an amended petition was filed by plaintiff to quiet and determine title on the ground of adverse possession for the statutory period. The petition was in the usual form and there was no suggestion therein concerning any limitation of issues as was asked for and secured in the course of the trial. There was no pleading to the effect that the issue of adverse possession to be tried was for the limited period, from October 26, 1954 to April 18, 1955, nor was there any pleading to the effect that the prior judgment of this court was res adjudicata of the issue of adverse possession from December 31, 1944 to October 26, 1954. See Section 509.090 RSMo 1949, V.A.M.S. There was nothing in the amended petition to indicate that adverse possession during an entire ten year period was not the issue to be tried. The new pleadings gave no hint of any proposed limitation of issues and the problem now presented arose for the first time in the course of the trial.

■ From a careful reading and consideration of the opinion considered as a whole, we are of the opinion that the sole question decided, and intended to be decided, was that the evidence presented in the trial below was insufficient to support the judgment entered, and that the judgment should be reversed and the cause remanded for another trial de novo. The opinion, of course, did point out the specific manner in which the evidence was insufficient, so that upon another trial, the parties would know what additional evidence was required to support such a judgment.

We think the issue of adverse possession for the statutory period was a single, indivisible fact issue which could not be subdivided into time periods and decided piecemeal or part in one trial and part in another.

Further, on respondent's theory we would have the court, sitting as a jury, determining a fact issue as to adverse possession

for nine years, nine months and twenty six days in one trial and a jury, in another trial, determining the fact issue as to adverse possession for the balance of the required ten years. We must and do hold that this cannot be done.

The trial court erroneously construed the opinion and mandate of this court and erroneously limited the issues on the retrial of the cause and the judgment entered must be reversed.

Respondent's motion to assess damages against appellant for frivolous and vexatious appeal, which was taken with the case for decision, is overruled.

The judgment is reversed and the cause remanded.

All concur.